### Julius Muskin *vs.* Abraham Lazarovitch.

### Cumberland.    Opinion January 29, 1910.

*Sales.   Conditional Sales.   Title of Vendor.   Replevin.   Chattel Mortgages.*
*Revised Statutes, chapter 113, section 5.*

1.   Since the amendment of the statute of frauds, R. S., chapter 113, section 5, an unrecorded agreement that the title in chattels delivered under a conditional sale shall remain in the vendor until payment is of no avail, against a purchaser or mortgagee in good faith of the chattels from the vendee.

2.   When chattels are taken upon a writ of replevin, the owner of the chattels if a stranger to the writ can maintain an action against the plaintiff in replevin for their value.

3.   The mortgagee of chattels under a duly recorded mortgage can maintain an action therefor, at least up to the amount of his claim thereon, against one who takes them upon a writ of replevin against the mortgagor alone even if the mortgage has not been foreclosed.

On motion and exceptions by defendant.    Overruled.

Trespass brought in the Superior Court, Cumberland County, for taking and carrying away certain goods and chattels alleged to belong to the plaintiff.    The writ also contained a trespass quare clausum count.    Plea, the general issue with a brief statement alleging in substance that the goods and chattels were taken and carried away under and by virtue of a replevin writ duly and previously sued out by the defendant against one Tatilbum 'and in which said suit the defendant recovered judgment.    Verdict for plaintiff for $100. The defendant then filed a general motion for a new trial and also excepted to several rulings made during the trial.    See *Lazarovitch* v. *Tatilbum*, 103 Maine, 285, also *Muskin* v. *Moulton*, 104 Maine, 557.

The material facts are stated in the opinion.

*Dennis A. Meaher, and Augustus F. Moulton,* for plaintiff.

*George S. Murphy, and Connellan & Connellan,* for defendant.

SITTING: EMERY, C. J., PEABODY, SPEAR, CORNISH, KING, BIRD, JJ.

EMERY, C. J. The case is this: The plaintiff had a duly recorded mortgage of certain chattels from one Tatilbum, in whose possession they were. The defendant had a claim upon the same chattels by assignment from Tatilbum's vendor by a conditional sale in the form of a lease, but this claim or lease was not recorded as required by R. S., ch. 113, sec. 5, and hence was of no avail against the plaintiff. The defendant, however, replevied the chattels upon a replevin writ against Tatilbum alone and recovered judgment. The plaintiff now brings this suit against the defendant for the value of the chattels, the mortgage debt not having been paid.

The jury found that the plaintiff's mortgage was a subsisting one given in good faith for security for an actual debt, and we find enough evidence to support the verdict on this issue. It also appears in evidence that the defendant personally accompanied the officer and specifically directed him to take the chattels upon the replevin writ, that the officer did so and - delivered them to the defendant who refused to give them up on demand for them by the plaintiff. The verdict was for the plaintiff for a sum less than the mortgage debt remaining unpaid.

As to the exceptions, the question presented is whether upon the foregoing facts the plaintiff can now maintain an action for the value of the mortgaged chattels (at least up to the amount of the mortgage debt remaining unpaid) against the now defendant who was the plaintiff in the replevin action. We see no reason why he cannot. True, we held in *Muskin* v. *Moulton*, 104 Maine, 557, that such an action could not be maintained against the officer who in obedience to his writ took the chattels which he found in possession of the defendant in the replevin action. The plaintiff in replevin, however, has no such immunity from action. He does not act in obedience to any writ or other lawful command. He sets the writ in motion of his own volition and thereby becomes liable for any injury done by reason thereof to any person not a party to

the writ to whom he has given no indemnifying bond.   He cannot by replevying chattels from one person deprive other persons of the right to assert their claims by actions of trespass or trover for the value.

It was not necessary for the plaintiff to foreclose his chattel mortgage before bringing his action against a stranger to the mortgage, as the defendant was.   As to the defendant, the plaintiff was the owner of the chattels.

*Motion and exceptions overruled.*